IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| SHANAISIA DUEHART,<br><br>  Plaintiff,<br><br>  v.<br><br>BEE WORLD, INC. D/B/A SUNRISE LOGISTICS, MUKHAMMADUSOMONJON FAZILDJANOV, and ACCREDITED SURETY AND CASUALTY COMPANY, INC.,<br><br>  Defendants. | CIVIL ACTION NO.<br><br>5:24-cv-00085<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff SHANAISIA DUEHART, and files this Complaint for Damages against Defendants BEE WORLD, INC. D/B/A SUNRISE LOGISTICS, MUKHAMMADUSOMONJON FAZILDJANOV, and ACCREDITED SURETY AND CASUALTY COMPANY, INC. showing this Honorable Court the following:

**VENUE AND PARTIES**

1.

Plaintiff Shanaisia Duehart is a resident of the State of Georgia.

2.

Defendant Bee World, Inc. d/b/a Sunrise Logistics (hereinafter "Sunrise Logistics") is a foreign for-profit corporation with its principal place of business at 4225 Oslo Ct, Antelope, California 95843. Defendant is subject to the jurisdiction of this Court pursuant to 28 U.S.C.A. § 1332. Defendant Sunrise Logistics may be served by delivering a copy of the Summons and

Complaint for Damages to its registered agent for service of process, Elena Morozova, at the following address: 4225 Oslo Ct, Antelope, California 95843.

3.

Defendant Sunrise Logistics is a commercial motor carrier as defined by O.C.G.A. § 40-1-50 *et seq.*

4.

Defendant Mukhammadusomonjon Fazildjanov (hereinafter "Fazildjanov") is a resident of Sacramento County, California, residing at 7840 Walerga Rd, Apt 124, Antelope, CA 95843. Defendant Fazildjanov is subject to the jurisdiction of this Court by virtue of the facts alleged herein is subject to the jurisdiction of this Court pursuant to 28 U.S.C.A. § 1332.

5.

Defendant Accredited Surety and Casualty Company, Inc. covered Defendant Sunrise Logistics with a policy of insurance at all pertinent times to this Complaint. Said policy was written and provided to protect the public against injury to person and property proximately caused by the negligence of such carrier, its servants or agents. This direct action is, therefore, permitted by O.C.G.A. § 40-1-112 and/or O.C.G.A. § 40-2-140.

6.

Defendant Accredited Surety and Casualty Company, Inc. is subject to the jurisdiction of this court pursuant to 28 U.S.C.A. § 1332.

7.

Jurisdiction is proper in this Court pursuant to 28 U.S.C.A. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

8.

Venue is proper in this Court pursuant to 28 U.S.C.A. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

**FACTUAL ALLEGATIONS**

9.

Defendants have injured and damaged Plaintiff by reason of the facts set out below.

10.

On September 27, 2022, at approximately 7:20 AM, Plaintiff Shanaisia Duehart, was operating a 2004 Acura TL, traveling in the left lane on I-75 N in Bibb County, GA at the I-475 N split.

11.

At approximately the same time, Defendant Fazildjanov was operating a 2019 Freightliner Cascadia tractor trailer owned by Defendant Sunrise Logistics and was traveling on I-75 N in the center lane.

12.

Suddenly and without warning, Defendant Fazildjanov conducted an improper lane change, moving from right to left in an attempt to exit onto I-475 N and violently collided with Plaintiff's vehicle.

13.

Defendant Fazildjanov was driving the tractor and trailer with the express permission of Defendant Sunrise Logistics and was acting in the course and scope of his employment with Defendant Sunrise Logistics at the time of the collision.

14.

At all times relevant to the allegations made herein, Defendant Fazildjanov was operating a tractor and trailer for-hire owned by Defendant Sunrise Logistics.

15.

Defendant Fazildjanov was operating under the motor carrier license, shield, and authorization of Defendant Sunrise Logistics at all times pertinent to this Complaint, and Defendant Sunrise Logistics's authorization, shield, and USDOT number were displayed on the tractor at the time of the collision forming the basis of this action.

16.

Defendant Fazildjanov was the agent, servant, or employee of Defendant Sunrise Logistics at all pertinent times to this Complaint and was acting within the scope of that employment at the time of the collision.

17.

As a direct and proximate result of the collision complained of in this Complaint, Plaintiff Shanaisia Duehart sustained bodily injuries from which she did then suffer, now suffers, and will continue to suffer.  Plaintiff shows further that she has incurred medical bills and other special damages.

## COUNT I
## Negligence of Defendant Fazildjanov

18.

Plaintiff incorporates each of the preceding paragraphs of this Complaint as if fully set forth herein.

19.

At the time of the subject collision, Defendant Fazildjanov had a duty to other drivers on the roadway, including Plaintiff Shanaisia Duehart, to exercise ordinary care for the safety of others and to abide by all applicable state laws and federal rules and regulations applicable to him as an operator of a commercial motor vehicle.

20.

Defendant Fazildjanov breached this duty and was negligent in the following, among other, ways:

a.) By failing to exercise ordinary due care in the operation of a motor vehicle;

b.) By making an improper lane change, in violation of O.C.G.A. § 40-6-48;

c.) By failing to make reasonable and prudent observations while driving; and,

d.) By otherwise operating the tractor trailer in a negligent and unsafe manner.

21.

As a direct and proximate result of the collision complained of in this Complaint, Plaintiff Shanaisia Duehart sustained bodily injuries from which she did then suffer, now suffers, and will continue to suffer.  Plaintiff shows further that he has incurred medical bills and other special damages.

22.

Defendant Fazildjanov is liable to Plaintiff Shanaisia Duehart for all damages caused by his negligence in causing this collision and the resulting damages to Plaintiff Shanaisia Duehart.

## COUNT II
## Negligent Entrustment, Hiring, Retention, Training, and Supervision Against Defendant Sunrise Logistics

23.

Plaintiff incorporates each of the preceding paragraphs of this Complaint as if fully set forth herein.

24.

At the time of the incident giving rise to this Complaint, Defendant Sunrise Logistics owned and had control over the tractor and trailer being operated by Defendant Fazildjanov, and Defendant Fazildjanov was operating the tractor trailer with the consent, permission, and knowledge of Defendant Sunrise Logistics.

25.

Defendant Sunrise Logistics had a duty to exercise ordinary care in the selection, retention, training and supervision of employees and not to retain them after knowledge of incompetency for the work to be performed.

26.

Prior to hiring Defendant Fazildjanov, during his employment, and at all times leading up to and including the subject incident, Defendant Sunrise Logistics was aware or should have been aware of Defendant Fazildjanov's propensity to operate a commercial motor vehicle in a negligent, reckless, or otherwise unsafe manner, such that he was not suited for the particular employment.

Despite this, Defendant Sunrise Logistics permitted Defendant Fazildjanov to operate the tractor and trailer.

27.

Defendant Sunrise Logistics was negligent in the following, among other, ways:

a.) By negligently entrusting Defendant Fazildjanov with the operation of its tractor and trailer;

b.) By negligently hiring and retaining Defendant Fazildjanov;

c.) By failing to adequately train and supervise Defendant Fazildjanov; and,

d.) Defendant Sunrise Logistics was otherwise negligent.

28.

As a result of Defendant Fazildjanov's propensity to unsafely operate a commercial motor vehicle, Plaintiff Shanaisia Duehart's injuries were foreseeable to Defendant Sunrise Logistics.

29.

As a direct and proximate result of the collision complained of in this Complaint, Plaintiff Shanaisia Duehart sustained bodily injuries from which she did then suffer, now suffers, and will continue to suffer. Plaintiff shows further that she has incurred medical bills and other special damages.

30.

Defendant Sunrise Logistics is liable to Plaintiff Shanaisia Duehart for all damages caused by its negligence in causing this collision and the resulting damages to Plaintiff Shanaisia Duehart.

## COUNT III
### *Respondeat Superior* Liability of Defendant Sunrise Logistics

31.

Plaintiff incorporates each of the preceding paragraphs of this Complaint as if fully set forth herein.

32.

At the time of the incident giving rise to this Complaint, Defendant Fazildjanov was employed by Defendant Sunrise Logistics and was acting in furtherance of his employer's business.

33.

Under Georgia law, Defendant Sunrise Logistics is liable for the injuries and damages caused to Plaintiff Shanaisia Duehart by the negligence of Defendant Fazildjanov.

34.

As a direct and proximate result of the negligence of Defendants, Plaintiff Shanaisia Duehart sustained bodily injuries from which she did then suffer, now suffers, and will continue to suffer. Plaintiff shows further that she has incurred medical bills and other special damages.

## COUNT IV
### Direct Action Against Accredited Surety and Casualty Company, Inc.

35.

Plaintiff incorporates each of the preceding paragraphs of this Complaint as if fully set forth herein.

36.

At all times pertinent to the facts giving rise to this Complaint, Defendant Accredited Surety and Casualty Company, Inc. was the liability insurance carrier with liability coverage on the tractor trailer truck owned and operated by Defendant Fazildjanov, its agents or employees.

37.

Defendant Accredited Surety and Casualty Company, Inc. is being joined in this action pursuant to O.C.G.A. § 40-1-112 and O.C.G.A. § 40-2-140.

38.

Since Plaintiff Shanaisia Duehart suffered injuries as a result of the negligence and other tortious or wrongful acts of the insureds, the Defendants in the above-captioned case, the condition precedent necessary to bring this action directly against Accredited Surety and Casualty Company, Inc. as a joint Defendant pursuant to the aforesaid contract of insurance, has been met.

WHEREFORE, Plaintiff prays for the following relief:

A. That process and summons be issued, as provided by law, requiring Defendants to appear and to Answer Plaintiff's Complaint;

B. That Plaintiff have a trial by a fair and impartial jury of twelve members;

C. That Plaintiff obtain a judgment against Defendants in a just and reasonable amount to compensate Plaintiff for her injuries, damages and suffering;

D. That the costs of bringing this action be taxed against the Defendants; and,

E. That Plaintiff have such other and further relief as this Court shall deem just and proper.

RESPECTFULLY SUBMITTED this 11th day of March, 2024.

/s/ *D. Jordan Josey*

_____
KATHERINE L. MCARTHUR
Georgia Bar No. 480730
D. JORDAN JOSEY
Georgia Bar No. 325037

MCARTHUR LAW FIRM
6055 Lakeside Commons, Suite 400
Macon, Georgia 31210
(478) 238-6600 – Telephone
(478) 238-6607 – Facsimile
jjosey@mcarthurlawfirm.com
***Attorneys for Plaintiff***